UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>    *Plaintiff*,<br><br>    v.<br><br>JOHN DOE subscriber assigned IP address 108.31.27.117,<br><br>    *Defendant*. | No. 25-cv-0628-RBW-MAU |

### MEMORANDUM OPINION

Before the Court is Plaintiff Strike 3 Holdings, LLC's ("Strike 3") Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference ("Motion"). ECF No. 4. For the reasons set forth below, Strike 3's Motion is **GRANTED**.

### BACKGROUND

Strike 3 has sued Defendant John Doe ("Doe") for copyright infringement in violation of the Copyright Act, 17 U.S.C. §§ 101 *et seq*. ECF No. 1 ¶¶ 51–56. For purposes of this Motion, the following allegations from Strike 3's Complaint are taken as true. *See generally Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1210–11 (D.C. Cir. 2020). Strike 3 owns the copyrights to certain adult entertainment films. ECF No. 1 ¶ 2. Strike 3 has identified Doe as the subscriber assigned to Internet Protocol ("IP") address 108.31.27.117. *Id.* ¶ 12. Doe used a BitTorrent protocol to download and distribute twenty-five movies for which Strike 3 holds copyrights. *Id.* ¶¶ 4–6; *see also* ECF No. 1-1 (listing copyright information for each work). Strike 3 used its infringement detection systems, "VXN Scan" and the "Cross Reference Tool," to capture BitTorrent transactions from Doe's IP address. ECF No. 1 ¶¶ 27–44; *see also* ECF Nos. 5-1 ¶¶ 13–18; 5-2 ¶ 41. Additionally, Strike 3 used IP address geolocation technology from the company

1

Maxmind, Inc. to trace Doe's IP address to a location in the District of Columbia. ECF No. 1 ¶ 9; *see also* ECF No. 5-2 ¶¶ 77–79.

Pursuant to Federal Rule of Civil Procedure 26(d), Strike 3 moves for leave to serve a third-party subpoena on Verizon Fios ("Verizon"), Doe's Internet Service Provider ("ISP"). ECF No. 4. Strike 3 seeks Doe's name and address to investigate Doe's role in the alleged infringement and to effectuate service. ECF No. 5 at 2.[1] According to Strike 3, it cannot pursue its lawsuit without this information. *Id.* at 3. Because this matter involves adult content, Strike 3 also encourages the Court to issue a protective order. *Id.* at 10–11.

## ANALYSIS

### I. The Discovery Strike 3 Requests is Both Relevant and Proportional to its Copyright Infringement Claim.

#### A. Legal Standard

Under Rule 26(d)(1), a party "may not seek discovery from any source" prior to a Rule 26(f) conference except by court order. Fed. R. Civ. P. 26(d)(1). An order is "the only potential avenue for discovery" when the defendant is unknown and the plaintiff needs identifying information from a third party to serve the complaint. *Strike 3 Holdings*, 964 F.3d at 1207 (internal quotation marks and citation omitted). Although the Court has broad discretion to order discovery, the Court is bound by Rule 26(b)(1). *See* Fed. R. Civ. P. 26(b)(1) (setting forth limitations on scope of discovery); *Strike 3 Holdings*, 964 F.3d at 1207. Thus, the Court must review the allegations to determine if the plaintiff seeks materials that are: 1) "relevant to any party's claim or defense"; and 2) "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see Strike 3 Holdings*, 964 F.3d at 1210; *AF Holdings, LLC v. Does 1–1058*, 752 F.3d 990, 995 (D.C. Cir.

---

[1] Citations are to the page numbers in the ECF headers.

2

2014). Although the burden is not "onerous," the movant must show it is entitled to the discovery. *Aljabri v. bin Salman*, 106 F.4th 1157, 1164–65 (D.C. Cir. 2024).

### B. Discussion

Strike 3 argues that it is entitled to limited pre-conference discovery from Verizon because the information Strike 3 seeks is: 1) relevant to its copyright infringement claim; and 2) proportional to the needs of the case. ECF No. 5 at 6–10. Strike 3 is correct.

#### 1. Relevance

Discovery is relevant if it bears on "any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see also AF Holdings*, 752 F.3d at 995. Courts often consider two related requirements. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 24-cv-1166, 2024 WL 3638346, at *2–3 (D.D.C. Aug. 2, 2024). First, the plaintiff must show that this discovery "can be expected to uncover the defendant's identity" to allow the plaintiff to prosecute its claims. *Strike 3 Holdings*, 964 F.3d at 1210. Second, the plaintiff must demonstrate a good faith belief that the plaintiff will be able to use this discovery to establish personal jurisdiction. *See Aljabri*, 106 F.4th at 1164–65; *AF Holdings*, 752 F.3d at 996–97 (holding no good faith belief of personal jurisdiction over 1,058 John Does existed without a showing that subscribers might be located in the District). Strike 3 has met both requirements.

*First*, Strike 3 has shown that a third-party subpoena on Verizon will likely uncover Doe's identity. *See Strike 3 Holdings*, 964 F.3d at 1210. Strike 3 used both of its infringement detection systems to determine that a user at Doe's IP address downloaded and distributed twenty-five movies. ECF No. 1 ¶¶ 27–44. With the subscriber's name and address, Strike 3 will be able to investigate and prosecute its claim. ECF No. 5 at 8–9; *see Strike 3 Holdings*, 964 F.3d at 1210; *see, e.g.*, *Strike 3 Holdings*, 2024 WL 3638346, at *2 ("Plaintiff is unable to prosecute its claims without knowing the identity of the alleged infringer; thus, the information it seeks to obtain from

Verizon [Internet Services] clearly bears directly on, and is relevant to Plaintiff's claim." (alteration in original) (internal quotation marks and citation omitted)).  This is not to say that Doe *is* the infringer.  Strike 3 has conceded that another individual may have used Doe's IP address. ECF No. 5 at 6.  The strength of the case against Doe, however, is not paramount at this stage.  *See Strike 3 Holdings*, 964 F.3d at 1210.  Strike 3 has met its burden to show that it should have the opportunity to name the defendant.  *Id.*

*Second*, Strike 3 has demonstrated a good faith belief that, with Doe's identity, Strike 3 will be able to establish personal jurisdiction.  *See Aljabri*, 106 F.4th at 1164–65.  The "only conceivable way" for personal jurisdiction to exist over unknown defendants "is if they are residents of the District of Columbia or at least downloaded the copyrighted work in the District." *AF Holdings*, 752 F.3d at 996 (citing D.C. Code § 13-423(a)(3)–(4)).  This Circuit has held that a good faith belief exists when a plaintiff alleges it has used geolocation technology to tie an IP address to a user in the District of Columbia.  *See Strike 3 Holdings*, 964 F.3d at 1210–11.  Strike 3 has done exactly that.  *See* ECF No. 1 ¶¶ 8–9 (alleging that geolocation technology traced Doe's IP address to a physical address in the District); *id.* ¶¶ 27–44 (alleging that, together, VXN Scan and the Cross Reference Tool detected twenty-five BitTorrent transactions from Doe's IP address); *see, e.g.*, *Strike 3 Holdings*, 2024 WL 3638346, at *2 (finding good faith belief when plaintiff used geolocation technology to tie a single IP address to a physical location in D.C.); *Malibu Media, LLC v. Doe*, 316 F. Supp. 3d 120, 123 (D.D.C. 2018) (same).

### 2. Proportionality

A subpoena on Verizon is "proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1). Courts in this context often focus on "the parties' relative access to relevant information" and "the importance of the discovery in resolving the issues [at stake in the action]."  *Strike 3 Holdings*,

964 F.3d at 1207 (alteration in original) (quoting Fed. R. Civ. P. 26(b)).  Both factors weigh in favor of granting Strike 3's Motion.

*First*, Strike 3 only has Doe's IP address, whereas Verizon can identify Doe based on that IP address.  ECF No. 5-1 ¶ 28; *see also* ECF Nos. 1 ¶¶ 5, 12; 5 at 7.  The "asymmetry here is extreme."  *Strike 3 Holdings*, 2024 WL 3638346, at *4 (citations omitted); *see* Fed. R. Civ. P. 26(b) advisory committee's note to 2015 amendment (noting courts often consider when cases involve an "information asymmetry" between parties).  *Second*, Doe's identity is clearly important to Strike 3's claim.  *See* ECF No. 5 at 8 ("Strike 3 simply seeks to ascertain the identity of the subscriber so that it can conduct a further investigation into who—whether it is subscriber [sic] or someone else—infringed its copyrights."); *see, e.g.*, *Strike 3 Holdings*, 2024 WL 3638346, at *3 ("Plaintiff cannot pursue its claims without first identifying Defendant, and a third-party subpoena represents the only viable path to doing so."); *cf. Strike 3 Holdings*, 964 F.3d at 1210 (describing plaintiff to be properly seeking "the discovery necessary to reveal the defendant's identity and to begin litigating [the plaintiff's] infringement claims").

##  II.    Good Cause Exists to Issue a Temporary Protective Order.

### A.    Legal Standard

Under Rule 26(c)(1), a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  The Court has broad discretion to issue a protective order.  *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

### B.    Discussion

Strike 3 encourages the Court to allow the defendant to proceed anonymously.  ECF No. 5 at 10–11.  At this stage, good cause exists to issue a temporary protective order.  Fed. R. Civ. P. 26(c)(1).  There is a risk that Strike 3 could falsely identify the owner of the IP address as the

infringer. *See, e.g.*, *Strike 3 Holdings*, 2024 WL 3638346 at *2 ("[T]he true infringer could just as easily be a third party who had access to the internet connection, such as a son or daughter, houseguest, neighbor, or customer of a business offering an internet connection."  (citation omitted)).  Strike 3 has acknowledged this risk.  ECF No. 5 at 6.  Because Strike 3's allegations involve illegally downloading and distributing adult content, procedural safeguards are necessary to protect potential third parties from "annoyance" or "embarrassment."  Fed. R. Civ. P. 26(c)(1); *see, e.g.*, *Strike 3 Holdings*, 2024 WL 3638346 at *4–5 (finding a protective order necessary because false identification could lead to an innocent person having to defend against unwarranted allegations or unjustly settle to avoid publicity).  At the same time, "defendants charged with salacious conduct are not automatically permitted to remain anonymous."  *Strike 3 Holdings LLC v. Doe*, No. 22-cv-663, 2023 WL 1861077, at *5 (D.D.C. Feb. 9, 2023).  Rather, given the public's interest in these proceedings, the default rule is that a defendant is not anonymous.  *Id.*

In light of these considerations, a temporary protective order will balance the need to protect a potentially innocent defendant with the public's interest in access to litigation.  The order will ensure the subscriber remains anonymous until they have the opportunity to move to quash the subpoena or for a protective order.  *See, e.g.*, *Strike 3 Holdings LLC v. Doe*, No. 25-cv-363, 2025 WL 637380, at *3 (D.D.C. Feb. 27, 2025) (describing similar approach).  These requirements are outlined in the Order accompanying this Memorandum Opinion.

### III. Conclusion

For the foregoing reasons, Strike 3's Motion is **GRANTED**.

**SO ORDERED.**

Date:   June 4, 2025

_____
MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE